# THE NORTHERN CENTRAL RAILWAY COMPANY

## *vs.*

# MAYOR AND CITY COUNCIL OF BALTIMORE.

*Taxation and assessment: special utility of land; lots owned by railroads.*

In assessing real estate of individuals for the purpose of taxation, its full cash value is to be ascertained, without looking to a forced sale, and in ascertaining its value all utilities for which the property is capable and which have the effect of enhancing its value are elements to be considered.          p. 500

Under section 193 of Article 81 and section 313 of Article 23 of the Code, where lots of land have a special utility for railroad purposes, such utility may be considered in ascertaining the value of the land for taxation purposes.          p. 501

The requirement of the law being that such property shall be assessed and taxed for municipal purposes, in the same manner as the property of individuals is now assessed and taxed.

p. 501

*Decided April 3rd, 1918.*

Appeal from the Baltimore City Court.   (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Shirley Carter* (with a brief by *Bernard Carter & Sons*), for the appellant.

*R. Contee Rose, Assistant City Solicitor* (with whom was *S. S. Field, the City Solicitor,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The Northern Central Railway Company, of which the Pennsylvania Railroad Company is lessee, is the owner of a number of lots or parcels of land in the City of Baltimore, lying and being in Jones Falls valley.

In the year 1916 these parcels of land were assessed by the Appeal Tax Court of Baltimore City, for municipal taxation, at amounts largely in excess of the assessment upon which the taxes had been previously paid. The Northern Central Railway Company and its lessee, being dissatisfied with the assessment, appealed to the State Tax Commission.

The Tax Commission heard testimony, offered by each of the parties to the proceedings, as to the value of the real estate mentioned, and the City, as well as the railroad company, submitted to the Commission propositions of law by which they respectively contended the taxing authorities should be governed in their valuation and assessment of the properties for the purpose of taxation. The only proposition submitted by the railroad company was that "the tax authorities of the City of Baltimore were and are required to assess the real property of the appellant railroad company in the same manner as of like property of individuals." This submission, being in the form of a prayer, was granted by the Commission.

Several propositions of law were submitted by the City, but the only one we think necessary to discuss, in view of the real contention of the parties, is the instruction asked for and granted by the Commission "that the utility of the property in this appeal for railroad purposes is a proper element of value to be considered in arriving at the value of said property for the purpose of taxation for the year 1917.

The Tax Commission affirmed the action of the Appeal Tax Court in the assessment made by it, and the railroad company appealed therefrom to the Baltimore City Court. That Court, to which the case was submitted for trial, without the intervention of a jury, upon the evidence produced before the Tax Commission, affirmed the assessment, and this appeal is from the action of the Court in affirming the rulings of the Commission upon the propositions of law submitted to it.

The sole question before us upon this appeal is whether the taxing authorities, in making the assessment complained of, followed the provisions of the statute, Section 193 of Article 81, and Section 313 of Article 23 of the Code of Public General Laws of 1912. The language of these sections, having relation to the questions before us, is the same, and is as follows:

> "The property, real and personal, of each and every railroad company in this State, working their roads by steam, shall be assessed and taxed for county and municipal purposes in the same manner as the property of individuals is now assessed and taxed; and the authorities of the several counties and the City of Baltimore are hereby authorized and directed to proceed to assess and collect taxes on said property in the same manner as upon like property of individuals now assessed and taxed or liable to assessment and taxation by the laws of this State."

The requirement of the statute is, that the aforesaid property of the appellant shall be *assessed* and *taxed* for municipal purposes *in the same manner as the property of individuals* is now assessed and taxed, and that the city is authorized and directed to proceed to *assess* and *collect* taxes on the same, *in the same manner as upon like property of individuals*.

The appellants interpret or construe this language as prohibiting the taxing authorities from considering the utility

of the property for railroad purposes in ascertaining its value for municipal taxation. The correctness of this contention, it would seem, depends upon the question whether, under the law of this State, the taxing authorities, in valuing and assessing like property in individuals for municipal taxation, are authorized to consider its utility for railroad purposes.

The question, therefore, to be decided, is, how and in what manner are lands owned by individuals valued and assessed, under the laws of this State, for municipal taxation.

In assessing real estate of individuals for the purpose of taxation its full cash value is to be ascertained (Chapter 120 of the Acts of 1896) without looking to a forced sale; and in ascertaining its value all utilities of which the property is capable, and which have the effect of enhancing its value, are elements to be considered, *Brack* v. *Baltimore,* 125 Md. 382, and *Bonaparte* v. *Baltimore,* 131 Md. 80, and cases therein cited.

If the lots of land in question, which are shown to possess special utility for railroad purposes by all the witnesses who testified before the Commission, were owned by individuals, there could be no doubt as to the authority of the taxing powers to consider that utility in ascertaining their value for taxable purposes; or if there are other lots owned by individuals, similarly located in Jones Falls valley, possessing special utility for railroad purposes, the taxing powers of the City have the undoubted authority to consider that utility in ascertaining the value of such lots for taxable purposes.

It is not, as suggested by the appellant's counsel, the increased value of the lots of land, resulting from the fact that they are parts or units of the railroad system, which the Commission has said may be considered in ascertaining their value, but it is the utility they possess for railroad purposes, without regard to the fact that said lots of land are parts or units of the railroad system.

The natural depression in which the lands are situated or located, running through the City, affords great advantages for the construction and operation of a railroad leading into the very heart of the city.  It is this high, special utility for railroad purposes that we have said may be considered in ascertaining the value of the land in question, and such utility exists whether the lands are owned by the railroad company or by individuals; and as such utility may be considered in ascertaining the value of lands owned by individuals, it, under the statute, may in the same manner be considered in assessing the lands of the railroad company.

There were other propositions of law submitted to and passed upon by the State Tax Commission, but we find no error in the Commission's rulings thereon, which were affirmed by the Court below, or if so, no error by which the appellants were injured.

There is a motion in the Record to dismiss the appeal, but owing to the importance of the question presented, we have thought it best to decide it, and in so doing it is unnecessary for us to pass upon the motion to dismiss the appeal, as we will affirm the ruling of the lower Court.

*Ruling of the Court below affirmed, with costs to the appellees.*